**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SHAWN C.,

                              **Plaintiff,**

**v.**
                                                        **20-CV-1378**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the

undersigned conduct any and all further proceedings in this case, including entry of final

judgment.  Dkt. No. 16.  Shawn C. ("Plaintiff"), who is represented by counsel, brings

this action pursuant to the Social Security Act ("the Act") seeking review of the final

decision of the Commissioner of Social Security ("the Commissioner") denying his

application for benefits.  This Court has jurisdiction over the matter pursuant to

42 U.S.C. § 405(g).  Presently before the Court are the parties' competing motions for

judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure.  Dkt. Nos. 12, 14.  For the following reasons, Plaintiff's motion (Dkt. No. 12)

is denied, and the Commissioner's motion (Dkt. No. 14) is granted.

## BACKGROUND

On April 2, 2018, Plaintiff filed for Social Security Income ("SSI") and

Disability Insurance Benefit ("DIB") alleging that he became disabled on November 15,

2017, by depression, anxiety, bipolar disorder, and traumatic brain injury.  Tr. at 152-64,

183.[1]  Plaintiff's claim was denied at the initial level, and he requested review.  Tr. at 81-98.  Administrative Law Judge Arthur Patane ("the ALJ") conducted a hearing on October 21, 2019.  Tr. at 133-63.  On November 6, 2019, the ALJ issued a decision in which he found that Plaintiff was not under a disability as defined by the Act since November 15, 2017.  Tr. at 15-30.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision final.  Tr. at 1-6.  This action followed.  Dkt. No. 1.


## LEGAL STANDARD

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if he shows that he is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).


A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).  Congress places the burden upon the claimant to establish disability by

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 10.

"furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant.  *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial

evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'"  *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  *See Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

   The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2017, his alleged onset date.  Tr. at 20. The ALJ concluded at step two that Plaintiff suffered from the severe impairments of "status post traumatic brain injury with residual effects, anxiety disorder, posttraumatic stress disorder (PTSD), obsessive compulsive disorder (OCD)[,] and depressive disorder."  Tr. at 20.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings.  Tr. at 21.

   The ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels but is limited to performing simple, routine tasks commensurate with unskilled work at an SVP of 1 or 2, can frequently, though not constantly, interact with others in the workplace, must avoid any direct exposure to unprotected heights or moving mechanical parts, and must avoid concentrated exposure to crowds, noise, and vibrations.  Tr. at 21-22.  Relying exclusively on the Medical Vocational Guidelines ("Grids"), the ALJ determined that Plaintiff had not been under a disability since his alleged onset date.  Tr. at 26-27.

**Judgment on the Pleadings**

   As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 12, 14.  Plaintiff argues that the ALJ "failed to validly articulate his

supportability and consistency of LMSW McDonough and Dr. Shehata's opinions, warranting remand."  Dkt. No. 12-1, p. 8.  Plaintiff also contends that the ALJ erroneously relied on the Grids, rather than a vocational expert, in concluding that Plaintiff was not disabled.  For the following reasons, this Court finds that remand is not warranted.

**Residual Functional Capacity**

"Your [RFC] is the most you can still do despite your limitations."  20 C.F.R. § 416.945(a).  RFC "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2.  "This assessment of RFC is used at step 4 of the sequential evaluation process to determine whether an individual is able to do past relevant work, and at step 5 to determine whether an individual is able to do other work, considering his or her age, education, and work experience."  *Id.*

As previously noted, the ALJ found that Plaintiff retained the RFC to perform simple, routine tasks commensurate with unskilled work, with only frequent interaction with others, and avoiding direct exposure to unprotected heights or moving mechanical parts, and concentrated exposure to crowds, noise, and vibrations.  Tr. at 21-25.  In assessing the RFC, the ALJ considered Plaintiff's ability to perform volunteer work, working at the front desk at a mission center for eight to twelve hours per week.  Tr. at 22, 38-40.  The ALJ reasoned that Plaintiff's ability to work at a public facing job

supported a finding that he retained the ability to interact with others on a frequent basis.  Tr. at 22.

       The ALJ also considered Plaintiff's activities of daily living, including caring for himself, cooking and preparing food, cleaning, doing laundry, shopping in public, managing money, socializing with church members, and following spoken and written instructions.  Tr. at 22, 202-07, 209, 332.  It was entirely appropriate for the ALJ to consider these activities in concluding that Plaintiff was not as limited as he alleged. *See Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013); *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (holding that the ALJ properly considered Plaintiff's ability to perform daily chores); *Lewis v. Colvin*, 548 F. App'x 10 675, 677 (2d Cir. 2013) (concluding that the ALJ's RFC finding was supported by substantial evidence including activities of daily living); *Zabala v. Astrue*, 595 F.3d 402, 407, 410-11 (2d Cir. 2010) (holding that a moderate limitation in performing the activities of unskilled work does not prevent a claimant from performing unskilled work).

       The ALJ cited to objective medical evidence to support his conclusion that Plaintiff's depression and anxiety did not prevent him from performing a range of routine, simple work with no more than frequent interaction with others.  Tr. at 18-26. The ALJ acknowledged that the record contained some positive clinical findings including depressed mood and affect, preoccupation with life stressors, paranoia, distractibility, and poor frustration tolerance, but that Plaintiff also consistently had normal presentation, alertness, eye contact, speech, memory skills, psychomotor

activity, attitude, insight, and judgment.  Tr. at 23, 249, 266, 287, 326, 358, 360, 420-21, 435, 455, 480, 493.

The ALJ also considered the prior administrative findings and opinions of medical consultants, including K. Liber-Diaz, Psy. D., and Dr. Christine Ransom, who both concluded that Plaintiff's mental impairments were not severe.  Tr. at 23, 70-71. Dr. Liber-Diaz, a state agency consultant, concluded on June 5, 2018, that "based on the totality of evidence in the file[,] the psychiatric impairments are judged to be non-severe."  Tr. at 71.  The opinions of non-examining sources, like Dr. Liber-Diaz, can constitute substantial evidence in support of the ALJ's decision.  *See Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995); *Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016).

Dr. Ransom, a consultative examiner, opined in May 2018 that Plaintiff had a mild psychiatric condition that would not significantly interfere with his ability to function on a daily basis.  Tr. at 23-24, 332.  Dr. Ransom found that Plaintiff had, at most, very mild functional limitations and noted that Plaintiff's areas of difficulty were secondary to social anxiety, which were currently mild and episodic, and which improved significantly with medication.  Tr. at 332.  Dr. Ransom's opinion was well-supported by her exam findings, which were entirely normal.  Tr. at 331-32.  Plaintiff himself reported to Dr. Ransom that his medication was mostly effective, that he felt anxious "very occasionally," and that he was able to manage his anxiety with his current treatment.  Tr. at 330.  This establishes the supportability of Dr. Ransom's opinion.  *See* 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1)(supportability).

Contrary to Plaintiff's argument, the ALJ determined that Dr. Ransom's opinion was consistent with other evidence in the record, such as Dr. Liber-Diaz's opinion, as both practitioners found that Plaintiff's mental impairments were not severe. Tr. at 23-24, 70-71, 332.  *See* 20 C.F.R. §§ 404.1520b(c)(2), 416.920b(c)(2) (consistency).  This was not erroneous as the opinion of a consulting physician that is consistent with the record constitutes substantial evidence.  *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).[2]

The ALJ was less persuaded by the opinion of treating source, Katherine McDonough, LMSW, who concluded that Plaintiff had slight to moderate limitations in her ability to remember and carry out simple instructions, maintain attention and concentration for extended periods, work near others without being distracted, make simple work-related decisions, accept criticism, get along with others, and adapt to changes in the work setting.  Tr. at 13, 747-48.  The ALJ found that Ms. McDonough's opinion was inconsistent with Drs. Liber-Diaz and Ransom's opinions.  Tr. at 22-24.  Nevertheless, the ALJ found Ms. McDonough's opinion persuasive, and noted that an RFC for simple, unskilled work in restricted setting accommodated all of  the limitations Ms. McDonough assessed.  Tr. at 24.  This was not erroneous.  *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (stating that moderate limitations in social functioning and concentration, persistence and pace are consistent with an RFC for unskilled work); *Zabala v. Astrue*, 595 F.3d 402, 407-11 (2d Cir. 2010) (holding that

---

[2] Even if the ALJ had erred in analyzing these opinions, any error is harmless, because he ultimately concluded that Plaintiff's mental impairments were severe, and assessed an RFC that accommodated those impairments.  Tr. at 23-24.

moderate limitations in work related functioning are consistent with the ability to perform unskilled work, including carrying out simple instructions, dealing with work changes, and responding to supervision).

Plaintiff also argues that the ALJ improperly assessed the opinion of Dr. Hany Shehata's opinion that Plaintiff had only slight to moderate mental limitations but would nonetheless be absent from work three times per month due to his impairments. Tr. 24, 743-44.  This Court does not agree.  The ALJ reasoned that even moderate mental work-related limitations would not cause a person to be absent three times per month.  Tr. at 24, 744.  In this regard, Dr. Shehata's conclusion was not supported by his findings.  *See* 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) (supportability).  The ALJ also noted that Dr. Shehata's opinion that Plaintiff would be absent from work was contradicted by the opinions of Ms. McDonough, Dr. Liber-Diaz, and Dr. Ransom.  Tr. at 24, 70-71, 332, 747-48; *see* 20 C.F.R. §§ 404.1520b(c)(2), 416.920b(c)(2) (consistency).

The ALJ found that the remainder of Dr. Shehata's opinion assessing slight to moderate limitations was persuasive and adequately accommodated such limitations in the RFC finding.  Tr. at 24.  This was appropriate.  *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (holding that an ALJ may reject portions of a medical opinion not supported by and even contrary to the objective evidence of record while accepting those portions that are supported by substantial evidence).  Plaintiff has failed to show that he was more restricted than the ALJ concluded.  Thus, remand is not

warranted.  *See Smith v. Berryhill*, 740 F. App'x 721 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so.").

**Medical Vocational Guidelines**

Plaintiff argues that the ALJ should have obtained VE testimony rather than relying exclusively on the Grids.  The Grids are a matrix of specific parameters, including a claimant's exertional capacity, age, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); 20 C.F.R. Part 404, Subpart P, Appendix 2. In a garden variety case, the Grids may "direct [ ]a conclusion as to whether the individual is or is not disabled."  *Id*. at § 200.00(a).  However, if the claimant has non-exertional limitations that restrict his ability to perform jobs he would otherwise be capable of performing, then the Grids are only a "framework to guide [the] decision."  20 C.F.R. §§ 404.1569a(d), 416.949a(d); *Jordan v. Comm'r of Soc. Sec.*, 194 F. App'x 59, 61 (2d Cir. 2006) (citing *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

Exclusive use of the Grids is precluded, and VE testimony is required, only "where the claimant's exertional impairments are compounded by significant nonexertional limitations" that limit the range of work.  *Rosa*, 168 F.3d at 78; *Zabala*, 595 F.3d at 410-11.  This occurs only where non-exertional limitations "so narrow [the claimant's] possible range of work as to deprive [him] of a meaningful employment opportunity."  *Taylor v. Barnhart*, 83 F. App'x 347, 350 (2d Cir. 2003) (unpublished) (quoting *Bapp*, 802 F.2d at 605-07).  An ALJ's determination of whether a claimant's nonexertional limitations significantly impact his ability to perform work constitutes a finding of fact, subject to deferential review.  *Jordan*, 194 F. App'x at 61.

As previously noted, the ALJ limited Plaintiff to simple, routine tasks commensurate with unskilled work, only frequent interaction with others, and no concentrated exposure to crowds, noise, and vibrations.  Tr. at 21-22.  This Court finds, contrary to Plaintiff's argument, that the ALJ provided a sufficient rationale for why a VE's testimony was not necessary.  Tr. at 26  The ALJ explicitly found that the restrictions in the RFC had "little or no effect on the occupational base of unskilled work," because:  the bulk of unskilled work involves dealing with objects, rather than with people; the ability to engage with crowds was not listed among the basic mental demands of competitive unskilled work; and most job environments do not have excessive noise or dust.  Tr. at 26; 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.00(g); SSR 85-15.

This conclusion was not erroneous.  The law is clear that restricting a claimant to occasional contact with others and to simple and unskilled work does not significantly impact the potential occupational base, particularly where a claimant can perform work at all exertional levels.  *See Fisk v. Colvin*, 2017 WL 1159730 (W.D.N.Y. Mar. 29, 2017) (upholding the ALJ's reliance on the Grids where ALJ found that the claimant had the RFC for work at all exertional levels with a limitation to jobs involving simple, routine, repetitive type tasks involving only occasional contact with others because it had "little or no effect" on the occupational base of unskilled work at all exertional levels); *Cross v. Astrue*, 2010 WL 2399379, at *14-15 (N.D.N.Y. May 24, 2010) (explaining that limitations to occasional contact with the public and coworkers and occasional changes in work setting did not necessitate VE testimony).

Having reviewed the record, this Court finds that the ALJ sufficiently explained why he relied on the Grids despite the fact that Plaintiff suffered from non-exertional limitations.  As such, there is no need to remand this case for VE testimony. *Quintana v. Berryhill*, 2017 WL 491657 at *6 (W.D.N.Y. Feb. 7, 2017) (finding that the ALJ's reliance on the Grids was proper where the ALJ explained how the non-exertional limitations had little or no effect on the occupational base of unskilled work at all exertional levels).

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence. However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder ***would have to conclude otherwise*.*"  *Brault*, 683 F.3d at 448 (emphasis added).  This case does not present such a situation.  For all of the foregoing reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is DENIED, and the Commissioner's motion for

judgment on the pleadings (Dkt. No. 14) is GRANTED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:        Buffalo, New York
              November 17, 2022

_**s/ H. Kenneth Schroeder, Jr.**_
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**